## Case No. 17,391.

### WELLS v. CHAPMAN.

[Nowhere reported; opinion not now accessible.]

## Case No. 17,392.

### WELLS v. DALRYMPLE.

[15 Int. Rev. Rec. 59; 4 Chi. Leg. News, 156, note.]

Circuit Court, W. D. Ohio. Jan., 1872.

CREDITORS' BILL—SALE OF REAL ESTATE—SUIT TO SET ASIDE—TITLE OF PLAINTIFF.

[1. In a proceeding to set aside a sale of real estate, the plaintiff must possess a judgment lien, or a lien by levy.]

[2. The objection that he has no lien is waived, unless taken in the answer.]

[3. To authorize an appellate court to reverse a decree on a question of fact, it should be able to say that, were the case reargued in the court below, that court would reconsider its own judgment.]

[Appeal from the district court of the United States for the Northern district of Ohio.]

Hutchins & Ingersoll, for petitioner.
Mr. Stewart, for defendant.

EMMONS, Circuit Judge, held: That in proceeding to set aside a sale of real estate there must exist a judgment lien by statute, in which case the title must be in the judgment debtor, or a lien by levy, neither of which is here set up. That if this had been a plenary bill in equity it would be dismissed on that ground. But two cases [Day v. Washburn, 24 How. (65 U. S.) 352; Adler v. Fenton, Id. 407] hold that unless this objection is taken in the answer, it will be held to be waived. The answer does not raise the question. If proceedings were remanded for amendment to petition, the answer could then also be amended so as to raise this question, which would be fatal to the petition, the fact being that no lien existed before this petition was filed. Proceeding to review the case on its merits, EMMONS, Circuit Judge, held, that an appellate court, before reversing a decree on a question of fact, should be able to see some plain mistake, some misapprehension of the fact, so plain a misapprehension, so evident an error, as to warrant the appellate court, with much confidence, in saying that were the case reargued in the court below, that court would reconsider its own judgment.

## Case No. 17,393.

### WELLS v. GILL et al.

### SAME v. YATES et al.

[1 Ban. & A. 77.] [1]

Circuit Court, D. New Jersey. March, 1874.

INFRINGEMENT OF PATENTS—HAT MACHINES.

The complainant's reissued patent for improvement in machines for making hat-bodies, having been adjudged valid in the case of Wells v. Jacques [Case No. 17,398], it was *held* that the defendants' machine infringed the patent, although their arrangement for conducting, or projecting, or getting the fur from the brush or picker to the exhaust cone, might be in some respects novel, and an improvement on the complainant's machine.

[Cited in Norton v. Jensen, 1 C. C. A. 455, 49 Fed. 863.]

[These were bills in equity by Eliza Wells against John Gill and others, and Henry J. Yates and others, for infringement of a patent.]

Henry Traphagen, for complainant.
A. S. Hubbell, for defendants.

NIXON, District Judge. The observations which I deemed it proper to make, in reference to the construction of the Wells' patent in Wells v. Jacques [Case No. 17,398] render it quite unnecessary that I should travel over the same ground in the above cases. Holding all the claims of the Wells' reissue valid, the only remaining question is, whether the use of the Gill machine is an infringement.

It may be true, as the counsel for the defendants so ably contended, that the arrangements of the devices in the Gill machine for conducting or projecting or getting the fur from the brush or picker to the exhaust cone, are, in some respects novel, and an improvement in efficiency, on the Wells machine; yet they are practically useless, except in combination with the constituents of the complainant's reissued patent, and cannot be used without infringing some of its claims, particularly the fourth.

This appears quite as clearly from the admissions of the defendants' principal witnesses, as from the direct testimony of the complainant's expert.

Let there be a decree for the complainant, in each of the above stated cases, and an order for an injunction and account, according to the prayer of the bill.

[For other cases involving this patent, see note to Burr v. Cowperthwaite, Case No. 2,188.]

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]